PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:16CR378-2 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| JASON BROOKS, *et al*., | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 124] |
| | ) | |

Pending before the Court is Defendant Jason Brooks' Motion to Reduce Sentence Under

18 U.S.C. 3582(c)(1)(A)(i)(Compassionate Release).  ECF No. 124.  Having reviewed the

written submissions and applicable law, the Court denies Defendant's Motion.

**I. Background**

Defendant Brooks pleaded guilty to Count 1 of the indictment that charged him with

conspiracy to possess with intent to distribute and to distribute methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and (b)(1)(C), and 21 U.S.C. § 846.  The Court

sentenced Defendant Brooks to 120 months in prison and eight years of supervised release.

Defendant Brooks is currently 47 years old and serving his sentence at FCI Elkton.[1]

---

[1] *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Dec. 21,
2021).  Elkton is a low security federal correctional institution with an adjacent low
security satellite prison.  Defendant's anticipated release date is May 24, 2025.  Elkton
currently houses 1,623 total inmates (1,247 at the FCI and 376 at the FSL).  *See FCI
Elkton*, https://www.bop.gov/locations/institutions/elk/. (last visited Dec. 21, 2021).  As
of December 21, 2021, there are five confirmed active case of COVID-19 at Elkton (zero
inmates and five staff).  Nine inmates and zero staff have died and 723 inmates and 88
staff at Elkton have recovered from COVID-19.  *See COVID-19 Coronavirus*,

(1:16CR378-2)

Defendant brings this motion asking the Court to grant his compassionate release on the grounds that he has severe health conditions that amount to extraordinary and compelling reasons for release considering COVID-19. The Government argues that Defendants extraordinary reasons for release are foreclosed by his vaccination and that the § 3553(a) factors counsel strongly against release.

## II. Analysis

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP") or the defendant. The Sixth Circuit recently evaluated whether the three-step test applicable to § 3582 motions filed by the BOP also apply to those filed by prisoners directly. *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).

> At step one, a court must "find[]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*Id*. at 1107-08 (alterations in original) (citations omitted).

The conditional statement regarding the applicability of U.S.S.G. § 1B1.13 foreshadows *Jones'* ultimate holding: § 1B1.13 is not applicable to compassionate release motions filed by defendants, only those filed by the BOP. *Jones*, 980 F.3d at 1109. Therefore, because there is

---

https://www.bop.gov/coronavirus/. (last visited Dec. 21, 2021). Currently, 1344 inmates and 264 staff members at FCI Elkton have been vaccinated for COVID-19. *Id*.

(1:16CR378-2)

no applicable guidance for district courts to follow at step two, "[u]ntil the Sentencing

Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in

the interim to determine whether an 'extraordinary and compelling' reason justifies

compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.*; *see also*

*United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) (discussing that a district court has full

discretion to define 'extraordinary and compelling' without consulting the policy statement).

Accordingly, in evaluating a prisoner's petition, the Court applies its judgment in considering

whether "extraordinary and compelling" circumstances exist, and evaluates any proposed

reduction "after considering the factors set forth in section 3553(a)[.]"  18 U.S.C. §

3582(c)(1)(A).

A defendant is eligible to seek compassionate release from a court after he has exhausted

all administrative rights to appeal the BOP's failure to bring a motion on his behalf or thirty days

have elapsed since requesting that the warden of his facility initiate such action.  18 U.S.C. §

3582(c)(1)(A).

A court may deny compassionate-release motions at any part of the inquiry and does not

need to address the further steps.  *Elias*, 984 F.3d at 519.

### A.  Exhaustion

A defendant is eligible to seek compassionate release from the Court after he has

exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or

thirty days have elapsed since requesting that the warden of his facility initiate such action.  18

U.S.C. § 3582(c)(1)(A).  Defendant requested compassionate release from the warden at FTC

Oklahoma City on August 14, 2020.  This request for compassionate release came well after the

(1:16CR378-2)

expiration of the mentioned 30-day period.  Therefore, Defendant has exhausted his

administrative rights in this case.

## B.  Extraordinary and Compelling Reasons

Defendant bases his request for compassionate release on his health condition of obesity,

hypertension, and the fact that he has already contracted COVID-19 twice and was hospitalized

because of one of the infections.  When determining if extraordinary and compelling reasons for

release exist, the Court may look to guidance from the CDC.  *See Elias*, 984 F.3d at 521.

According to current CDC guidance, obesity is a factor that can make people more likely

to get severely ill, and the risk sharply increases with elevated BMI.  *See COVID-19, People with

Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html.(last visited Dec. 21, 2021).  Hypertension is

also a factor that can make someone more likely to get severely ill from COVID-19.  *Id*.  The

CDC has mentioned that COVID-19 reinfections have been reported but remain rare.  *See

Reinfection with COVID-19,* https://www.cdc.gov/coronavirus/2019-ncov/your-

health/reinfection.html. (last visited Dec. 21, 2021).  Therefore, Defendant's hypertension,

obesity, and his rare reinfection from COVID-19 could possibly constitute an extraordinary and

compelling reason for release.

Although an increased risk of COVID-19 is part of the extraordinary and compelling

reasons analysis, the presence of a medical diagnosis that leads to an increased risk of severe

illness does not automatically constitute an extraordinary and compelling reason for release.

"[M]edically managed serious health conditions, paired with a generalized fear of COVID-19,

[fall] short of 'extraordinary and compelling reasons' justifying compassionate release."  *United

(1:16CR378-2)

*States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at \*3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at \*2 (E.D. Mich. May 7, 2020)).

Additionally, Defendant has received one dose of the Johnson & Johnson COVID-19 vaccine, making him fully vaccinated. *See* ECF No. 138-1.  Under the rules set out in *Traylor* and *Lemons*, the fact that a Defendant is fully vaccinated seriously abates any compelling reason for release related to COVID-19.  *See United States v. Traylor*, 16 F.4th 485 (6th Cir. 2021); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).  Thus, while the CDC guidance, espoused in *Elias*, now recommends an mRNA-based vaccine, (now available from Pfizer and Moderna) over the Johnson & Johnson vaccine, the CDC maintains its position that any vaccine is better than being unvaccinated.  *See CDC Endorses ACIP's Updated COVID-19 Vaccine Recommendations.*  https://www.cdc.gov/media/releases/ 2021/s1216-covid-19-vaccines.html.  (last visited Dec. 21, 2021).  While a vaccine different from the one administered to the Defendant is preferred by the CDC, that does not mean that Defendant does not have adequate protection from COVID-19 by being vaccinated.[2]

Furthermore, considering the current COVID-19 Statistics at FCI Elkton[3], the fear of COVID-19, while sincere, is assuaged by the lack of inmates currently infected, and that a substantial number of inmates and staff are vaccinated.  Taking into consideration all of the above, Defendant has not demonstrated an extraordinary or compelling reason for release.

### C.  Application of the 3553(a) Factors

Additionally, the 3553(a) factors strongly counsel against Defendant receiving a reduction in sentence.  The relevant factors in the case at bar are sections 3553(a)(1),

---

[2] Of course boosters are now recommended for the vaccinated.
[3] *See supra* note 1.

(1:16CR378-2)

3553(a)(2)(A), a(2)(B), a(2)(C), and 3553(a)(6).  In this case, the factors in 3553(a) strongly disfavor any sentence reduction.[4]

When considering section 3553(a)(1), the Court must consider the nature and circumstances of the offense and history and characteristics of the defendant.  Defendant is a drug trafficker who has been convicted of drug trafficking multiple times.  At one time Defendant sold drugs internationally, has been convicted of drug trafficking three other times, and has admitted to selling drugs for over a decade.

Defendant has demonstrated good behavior while incarcerated and has availed himself of the programs available to him.  Although the Court commends Defendant for this behavior while incarcerated, Defendant's behavior while incarcerated does not assuage concerns the Court has about this Defendant's behavior outside of prison.  What concerns the Court most is the potential behavior that the Defendant may engage in once released, given Defendant's history of recidivism.  Defendant has recidivated multiple times in the past.  The multiple instances of recidivism strongly disfavors sentence reduction.

When considering section 3553(a)(2)(B), the Court must consider if the sentence affords adequate deterrence to criminal conduct.  In the case at bar, the seriousness of the crime here, again, causes the Court to eschew reduction, because the sentence imposed adequately deters at its current length and a reduction would diminish that deterrence, both specifically and generally.

When analyzing section 3553(a)(2)(C), the Court must consider whether the sentence protects the public from further crimes of the defendant.  In this case, reduction would constitute

---

[4]  The Court also incorporates the analysis of the 3553(a) factors that the Court indicated at sentencing.

6

(1:16CR378-2)

an unacceptable risk that the public would be harmed by the defendant. Defendant has a long history of trafficking drugs and contributing a robust drug marketplace that has victimized many people and their families in the community at large. Moreover, Defendant's drug dealing is not the only danger he poses. He also could also continue to pose a danger to those close to him and in the public, given his multiple domestic violence convictions and conviction for assault.

Section 3553(a)(6) requires the Court to consider unwarranted sentencing disparities among defendants. This factor also cuts against Defendant's request because the Court has already imposed a lesser sentence than recommended. Additionally, based on the Defendant's criminal conduct, the Government could have applied for and the Court could have imposed an enhanced, life sentence under 21 U.S.C. § 851. That the Government did not make such an application further shows that Defendant already was given a lesser sentence than warranted for his crimes.

When imposing a sentence, the Court's task is to "impose a sentence sufficient, but not greater than necessary, to comply with purposes' of the statutory sentencing scheme." *United States v. Presley*, 547 F.3d 625, 630-31 (6th Cir. 2008). Therefore, any further reduction of the sentence the Court imposed would render said sentence insufficient.

### III. Conclusion

For the reasons explained above, Defendant's Motion (ECF No. 37) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| December 22, 2021 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |

7